### EDWARD H. FENNESSY *vs.* SAMUEL W. SPOFFORD.

Suffolk. Jan. 13. — Feb. 24, 1887. HOLMES & GARDNER, JJ., absent.

In an action for the conversion of a horse, carriage, and harness, both parties claimed title to the property in controversy under bills of sale from A.; and one of the questions was whether the plaintiff, either personally or by his agent, retained possession of the property named in the bill of sale to him. It appeared that the property was in the livery and boarding stable of the defendant; that the plaintiff and A. went to the stable, the defendant being absent, and A. delivered the property to the plaintiff, who thereupon took a receipt, signed by B. as agent of the defendant, reciting that the property was received of the plaintiff for board and storage; and that B. was the defendant's foreman, accustomed to attend to his business in his absence. The judge admitted the receipt in evidence; and instructed the jury that B. had no authority to convey away the defendant's property, or to deprive him of any rights in it. *Held*, that the defendant had no ground of exception.

TORT for the conversion of three horses, three carriages, and three harnesses. Answer, a general denial. Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff claimed title under a bill of sale made by William Harrington. The evidence tended to show that, at the time of the execution of the bill of sale, all of the property was in the possession of the defendant, who claimed title to the same under a mortgage and two bills of sale from said Harrington, prior in date to the plaintiff's bill of sale. During the temporary absence of the defendant from the city, the plaintiff went to the stable of the defendant, and there found Harrington, who was indebted to him. The plaintiff, being accompanied by his attorney and by a deputy sheriff, induced Harrington to give a bill of sale of the property to him, the plaintiff. The property was allowed to remain in the stable until the return of the defendant. Upon the return of the defendant he refused to deliver the property to the plaintiff, claiming to hold under his mortgage and bills of sale, and denying that Harrington had any right to sell to the plaintiff.

The plaintiff offered in evidence the following receipt, signed by one Thomas, a floor man at the stable of the defendant, in the name of the defendant: " Received of E. H. Fennessy to board for him at St. James stable, Boston, one brown horse 8 yrs. old, the Cunningham horse, Smuggler horse 7 yrs. old, F. E. Clark horse, one bay horse 8 yrs. two white feet forward, also to store for him one top buggy made by Sargent & Co. with pole and shafts, open buggy made by James Hall & Son, one top buggy, one Portland sleigh. This property to remain here until Mr. Spofford returns."

The evidence showed that the defendant kept a livery, boarding, and sale stable, and was engaged in other business which kept him away from his stable a part of every day, and that at the time the receipt was given he was absent continuously, and out of the State, for about a week. It was further in evidence, that Thomas acted as the defendant's foreman, and was the person who was accustomed to do the business, in the defendant's absence, with those who came to the stable to hire horses or to get their horses boarded. There was evidence tending to show that Harrington had the horses in his possession, and delivered them to the plaintiff before the receipt was made, and one of the questions of the case was whether the plaintiff, either personally or by his agent, retained possession of the property named in the·

bill of sale, and another question was whether the defendant had retained possession from the time of taking his first bill of sale up to the time of the alleged conversion.

The judge instructed the jury, in accordance with the defendant's request, that there was no evidence of authority in Thomas to convey away the defendant's property or to deprive the defendant of any rights in it.

The defendant further contended, and asked the judge to rule, that said receipt was inadmissible, and could not bind the defendant, on the ground that Thomas had no special authority to sign the same, and that it was not a matter in the line of his duty. The judge declined so to rule, but admitted the receipt, against the defendant's objection.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. J. Edwards*, for the defendant.

*S. J. Elder & A. B. Clapp*, for the plaintiff.

MORTON, C. J. Both parties claimed title to the property in controversy under bills of sale from one Harrington. It appears that the property was in the livery and boarding stable of the defendant; that the plaintiff and Harrington went to the stable, the defendant being absent, and Harrington delivered the property to the plaintiff, who thereupon took a receipt, signed by one Thomas as agent of the defendant, reciting that the property was received of the plaintiff for board and storage. The bill of exceptions states that "one of the questions of the case was whether the plaintiff, either personally or by his agent, retained possession of the property named in the bill of sale" to him. Upon the question whether the delivery was in good faith, and whether he retained possession, it was important for him to show that he did not abandon the possession by leaving the property in the stable of the defendant, but that he left it there to be boarded and stored as his property. For this purpose, the receipt of Thomas was competent. It is urged that he had no authority to give it. But it appears that he was the foreman of the defendant, accustomed to do his business in his absence. It was within the scope of his authority, as general manager of the business, to give receipts for horses and carriages left for board and storage in the usual course of business. It is not shown that

the plaintiff knew that the defendant had any claim upon the property. For aught that appears, he left it with the defendant's manager in good faith, and in the usual course of business. A receipt by the manager under such circumstances would be within his authority, and would be admissible in evidence against the defendant.

It is urged that it is dangerous evidence, because the jury, treating it as the act of the defendant, might regard it as an admission inconsistent with his claim; but, on the other hand, if it is excluded, the plaintiff would be exposed to the inference that he knew of the defendant's claim, and did not dare to assert his own claim by removing the property.

Besides, the court carefully guarded the rights of the defendant by instructing the jury that Thomas had no authority to convey away the defendant's property, or to deprive him of any rights in it. The court admitted the receipt as explaining, and as a part of, the transaction of the purchasing, taking, and retaining possession of the property by the plaintiff; and, for this purpose, we are of opinion that it was admissible.

*Exceptions overruled.*